UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
RENZZO RODRIGUEZ,

        Petitioner,               MEMORANDUM & ORDER
                                              05-CV-1122(JS)

  - against -

DALE ARTUS,

        Respondent.
------------------------------X
APPEARANCES:
For Petitioner:     Renzzo Rodriguez, Pro Se
                     #01-A-2957
                     Clinton Correctional Facility Annex
                     P.O. Box 2002
                     Dannemora, NY 12929

For Respondent:     Denis Dillon, Esq.
                     District Attorney, Nassau County
                     262 Old Country Road
                     Mineola, NY 11501

SEYBERT, District Judge:

      Renzzo Rodriguez ("Petitioner" or "Rodriguez"), proceeding pro se, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons below, the Court DENIES Rodriguez's petition in its entirety.

## BACKGROUND

      At approximately 3:00 a.m. on February 7, 1999, Petitioner left a party at St. Patrick's Church, in Glen Cove, New York. (Trial Transcript ("Tr.") 5, 781.) Carlos Lizarraga ("Lizarraga") also attended the party, and left at approximately the same time. (Tr. 512). After nearly colliding their vehicles upon leaving the church grounds, both men exited their respective cars, exchanged words, and began to fight. Victor Figueroa

("Figueroa"), a passenger in Petitioner's vehicle, joined Petitioner in hitting Lizarraga.

At some point, Lizarraga fell to the ground. Thereafter, Petitioner went to his car, retrieved a baseball bat, and struck Lizarraga twice on the head.[1] Id. at 517:16-24. Petitioner then kicked Lizarraga, told him to "[d]ie like a dog", and left the scene with Figueroa. (Tr. 606.) After Petitioner left, Lizarraga's wife, Gina Wilson ("Wilson") and her friends drove Lizarraga to the hospital, where Lizarraga underwent cranial surgery for his injuries. Lizarraga remained in the hospital for two weeks, and was unable to return to work for approximately five months while he recovered from his injuries.

After arriving home after the incident, Petitioner called the Nassau County Police Department. Petitioner informed the police that Lizarraga was the instigator and that he struck Lizarraga in self-defense. Petitioner stated that he did not want to file a complaint. Shortly thereafter, Petitioner called his attorney. At trial, Petitioner testified that his attorney told him to hide if the police came back to this home. Petitioner conceded that he hid in his attic when Glen Cove Police Officers

---

[1] Petitioner insists he hit Lizarraga with the bat only once. This, along with other testimony of the night's events were contradicted by witness for the prosecution at trial. For instance, Andrea Centeno, a friend at the party with Lizarraga, testified that she saw Petitioner strike Lizarraga in the head twice. (Tr. 571)

2

returned to Petitioner's home later that morning. Rodriguez surrendered to the police three days after the incident. Id. at 799.

On February 8, 2001, following a jury trial, Petitioner was convicted of Assault in the First Degree and Criminal Possession of a Weapon in the Third Degree in violation of New York Penal Law §§ 120.10 and 265.02, respectively.

On March 24, 2001, Petitioner moved in County Court, Nassau County to set aside the verdict, pursuant to N.Y. Crim. Proc. Law § 330.30. Petitioner argued that the prosecutor engaged in misconduct by making improper comments during his opening statement, cross-examination of defense witness Vilma Medina ("Medina"), and summation. On May 2, 2001, the County Court denied Petitioner's motion.

On May 4, 2001, the County Court, Nassau County, entered a judgment of conviction against Petitioner, and sentenced Petitioner to concurrent terms of imprisonment of nine years and two and one-third to seven years. Petitioner was also ordered to pay restitution in the amount of $8,154.94.

Petitioner appealed his conviction to the Appellate Division, Second Department. On appeal, Petitioner's counsel argued that the trial court improperly permitted the prosecutor to question Medina, Petitioner's girlfriend, about the removal of her children by Child Protective Services, and that the prosecutor's

comments on summation were improper, prejudicial, and designed to inflame the jury.

On December 1, 2003, the Appellate Division affirmed Petitioner's judgment of conviction, and held that "[t]he defendant's arguments regarding alleged prosecutorial misconduct during summation [were] largely unpreserved for appellate review. In any event, the challenged remarks constituted fair comment on the evidence, were responsive to arguments presented in defense counsel's summation, or were harmless in light of the overwhelming evidence of the defendant's guilt." See People v. Rodriguez, 767 N.Y.S.2d 820, 821 (2d Dep't 2003) (internal citations omitted). The Appellate Division also rejected Petitioner's argument that the prosecutor improperly questioned Medina. The court held that "the trial court providently exercised its discretion in permitting the prosecutor to cross-examine the defendant's girlfriend about the removal of the girlfriend's children from her custody by the Nassau County child protective services agency due to physical abuse." Id.

On February 26, 2004, the New York Court of Appeals denied Petitioner's application for leave to appeal. See People v. Rodriguez, 808 N.E.2d 1291, 1 N.Y.3d 634, 777 N.Y.S.2d 31 (2004).

On February 22, 2005, Rodriguez filed the instant petition for a writ of habeas corpus. Petitioner argues that he was denied a fair trial because (1) the trial court improperly

4

allowed the prosecutor to question Medina about her child custody issues, and (2) the prosecutor committed misconduct by making inflammatory and unfairly prejudicial remarks in his summation.

Respondent counters that the Petitioner failed to preserve all arguments for appellate review, Petitioner's arguments are without merit, and in any case, there was overwhelming evidence of Petitioner's guilt, rendering any error harmless.

Finding the instant petition to be timely, the Court will now address the merits of Petitioner's claim.

## DISCUSSION

I. Standard of Review

A petition for a writ of habeas corpus pursuant to state court judgment requires a petitioner to exhaust all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, a petitioner must: "(i) present[] the federal constitutional claim asserted in the petition to the highest state court . . . and (ii) inform[] that court of both the factual and legal bases for the federal claim." DiGuglielmo v. Senkowski, 42 Fed. Appx. 492, 494, 2002 U.S. App. LEXIS 10656 at *6 (2d Cir. 2002) (holding that because petitioner failed to identify any violated federal constitutional provisions in a Leave Application submitted to the state court, the court declined to reach the merits of his claims) (citing Picard v. Connor, 404 U.S. 270, 276-77, (1971); Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 191-92 (2d Cir. 1982)

(en banc).

Federal courts may not grant relief to a state habeas petitioner when his or her claims were adjudicated on the merits in state court. See 28 U.S.C. § 2254. Instead, a federal court must "accord a deferential level of review to a decision of the state court" unless two instances occur. Miranda v. Bennett, 322 F.3d 171, 178-79 (2d Cir. 2003). If the adjudication of such claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," then a federal court may grant a petitioner the relief he seeks. 28 U.S.C. § 2254(d)(1). A federal court may also grant a petitioner relief if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding." 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to" clearly established federal law if (1) the state court decision "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) if the state court decision "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Mitchell v. Esparza, 540 U.S. 12, 15-16, 124 S. Ct. 7, 10, 157 L. Ed. 2d 263 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519-20, 146 L.

6

Ed. 2d 389 (2000) (internal quotation marks omitted)). A state court decision need not cite Supreme Court precedent, and in fact, "need not even be aware of [Supreme Court] precedents so long as neither the reasoning nor the result of the state-court decision contradicts them." Id. at 10.

Further, a federal court may grant a habeas writ if "the state court identifies the correct governing legal principle from [the Supreme Court] but unreasonably applies that principle to the facts of petitioner's case." Wiggin v. Smith, 539 U.S. 510, 520-21, 123 S. Ct. 2527, 2534-35, 156 L. Ed. 2d 417 (2003) (internal quotation marks and citations omitted); see 28 U.S.C. § 2254(d)(1). A state court's application of Supreme Court precedent must have been "objectively unreasonable, not just "incorrect or erroneous." Wiggin, 539 U.S. at 511 (internal quotation marks and citation omitted). While "some increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Mask v. McGinnis, 252 F.3d 85, 89 (2d Cir. 2001) (quotation marks and citations omitted). Habeas relief is also warranted when a "state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Jenkins v. Artuz, 294 F.3d 284, 292 (2d

7

Cir. 2002) (internal quotation marks and citation omitted).

II. <u>The Prosecutor's Allegedly Improper Comments</u>

Petitioner claims that his due process rights were violated because the prosecutor made a number of improper comments in summation, which Petitioner argues constituted "egregious misconduct." Respondent argues that the Court is precluded from reviewing a majority of the allegedly improper statements because the state courts rejected Petitioner's arguments on an independent and adequate state ground.

"A federal court may not review a state prisoner's federal claims if the claims were denied in state court pursuant to an independent and adequate state procedural rule." <u>Escalona v. Sears</u>, No. 06-CV-6769, 2008 U.S. Dist. LEXIS 79529, at *23 (E.D.N.Y. Oct. 8, 2008); <u>see</u> <u>also</u> <u>Whaley v. Graham</u>, No. 06-CV-3843, 2008 U.S. Dist. LEXIS 82987, at *21 (E.D.N.Y. Oct. 15, 2008) (holding that the petitioner's claims were procedurally barred from federal habeas review because "in disposing of petitioner's claims, the Appellate Division provided a plain statement that the two claims in this petition were unpreserved for appellate review under established New York law."). The state court's "reliance on state law must be 'clear from the face of the opinion.'" <u>Fama v. Comm'r of Corr. Servs</u>., 235 F.3d 804, 809 (2d Cir. 2000) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 732, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

Here, the state court stated that petitioner's "arguments regarding alleged prosecutorial misconduct during summation [were] largely unpreserved for appellate review." People v. Rodriquez, 767 N.Y.S.2d at 821. Although the state court went on to state, "[i]n any event," Petitioner's arguments were without merit, this alternative holding does not open the door for federal court review. "[E]ven when a state court says that a claim is 'not preserved for appellate review' but then rules 'in any event' on the merits, such a claim is procedurally defaulted." Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005).

Because the Appellate Court rested its decision on an adequate and independent state ground, the Court cannot review Petitioner's claim regarding prosecutorial misconduct during summation "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749-750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); see also Fama, 235 F.3d at 809. Because Petitioner fails to satisfy either of the two Coleman standards, the Court dismisses this claim.

Even if Petitioner's claims were not procedurally defaulted, the Court nonetheless would find that the claims are without merit. Likewise, the Court finds that Petitioner's only

9

prosecutorial misconduct claims that are not procedurally barred, namely that the prosecutor improperly argued that Petitioner's prior inconsistent statements proved his guilt and that Petitioner's justification defense was rebutted by Petitioner's propensity to commit crimes, are without merit.

In reviewing a claim of prosecutorial misconduct in a petition for a writ of habeas corpus, the appropriate standard of review is "a narrow one of due process, and not the broad exercise of supervisory power." Floyd v. Meachum, 907 F.2d 347, 353 (2d Cir. 1990) (citing Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986)). The alleged prosecutorial misconduct must have caused the defendant "substantial prejudice" so that it infected the entire trial with fundamental unfairness and the resulting conviction was a denial of due process. United States v. Shareef, 190 F.3d 71, 78 (2d Cir. 1999). A prosecutor's remarks do not become a denial of due process "unless they constitute 'egregious misconduct.'" Id. at 78 (citing Donnelly v. DeChristoforo, 416 U.S. 637, 647, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974)).

In order to assess the impact of the prosecutor's comments, the reviewing court must consider the totality of the circumstances. United States v. Young, 470 U.S. 1, 11, 105 S. Ct. 1038, 84 L. Ed. 2d 1 (1985) (noting that the court must also review the defense counsel's summation to see if the defendant "invited"

such a response); Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (noting that the court should "look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly 'could have tipped the scales in favor of the prosecution'"). Generally, inappropriate prosecutorial comments, standing alone, are insufficient to reverse a conviction. Young, 470 U.S. at 11.

"[I]t is appropriate, on summation, to suggest inferences that could be drawn from facts in evidence and draw juror's attention to relevant factors in assessing witness credibility." Cooper v. Costello, No. 93-CV-5670, 1996 U.S. Dist. LEXIS 22775, at *15 (E.D.N.Y. July 23, 1996) (citing People v. Collins, 72 A.D.2d 431, 437-38, 424 N.Y.S.2d 954, 985 (4th Dept. 1980)). Further, the prosecution is entitled to rebut arguments raised during Petitioner's summation, "'even to the extent of permitting the prosecutor to inject his view of the facts to counter the defense counsel's view of the facts.'" Readdon v. Senkowski, No. 96-CV-4722, 1998 U.S. Dist. LEXIS 16041, at *13 (S.D.N.Y. Oct. 13, 1998) (quoting Orr v. Schaeffer, 460 F. Supp. 964, 967 (S.D.N.Y. 1978)). "Where a prosecutor's statement is responsive to comments made by defense counsel, the prejudicial effect of such objectionable statements is diminished." Pilgrim v. Keane, 2000 WL 1772653 at *3 (E.D.N.Y. Nov. 15, 2000).

The Court finds that the prosecutor's summation did not

11

deny Petitioner of his due process rights. In Petitioner's closing argument, defense counsel stated his opinions, vouched for Petitioner's credibility and attacked the credibility of the prosecution's witnesses. For example, in his closing, defense counsel stated, "the witnesses for the prosecution and the complaining witness were involved with alcohol, temper, and unfortunately, . . . lies." (Tr. 1082.) Defense counsel continued to infer that the prosecution's witnesses were not credible and had committed perjury, and also argued his own view of the facts to the jury. Thus, the prosecution was entitled to rebut those arguments. See Vigil v. Rivera, No. 07-CV-1720, 2008 U.S. Dist. LEXIS 34163, at *35 (E.D.N.Y. Apr. 25, 2008) (holding that "in her summation, the prosecutor did not improperly vouch for witnesses, but merely responded to defense counsel's arguments during his own summation, including defense counsel's own speculation on the credibility of the witnesses presented at trial."); Readdon, 1998 U.S. Dist. LEXIS 16041, at *13.

Moreover, even if the prosecutor's remarks rose to the level of egregious misconduct, Petitioner fails to establish that he suffered substantial prejudice as a result of the prosecutor's comments. Assuming arguendo that the prosecutor's remarks in his closing statement, such as referring to "all the work that went

12

into this case,"[2] stating that the defense's case was "slop," and informing the jurors that they could not "imagine what it was like in that emergency room, with Carlos's head split open, blood pouring out," were inappropriate, the Court believes that there was sufficient evidence of Petitioner's guilt so that such comments would not "have tipped the scales in favor of the prosecution." Fero, 39 F.3d at 1474. Three corroborating eyewitnesses, in addition to Lizarrago, testified as to Petitioner's assault, and the jury was informed of Petitioner's inconsistent version of the facts to the police after the incident. It is clear that there was sufficient evidence for the jury to render a guilty verdict. Accordingly, this claim is denied

III. The Prosecutor's Cross-Examination of Medina

Petitioner next argues that he was denied a fair trial because the prosecutor improperly questioned Medina about an incident where Child Protective Services removed Medina's children from her custody because of suspected child abuse. Petitioner argues that the prosecutor asked Petitioner's girlfriend about the incident with the intent to introduce prejudicial evidence against the Petitioner. He states, "[t]he practical effect of the prosecutor's cross-examination of Ms. Medina was to imply that Mr. Rodriguez had participated in the physical abuse of his children or

---

[2] The trial court sustained the defense attorney's objection to the prosecutor's comments regarding "all of the work that went into [the] case."

otherwise was responsible for their mistreatment." (Pet. Mem. at 10.) Petitioner further argues that the prosecutor conducted this line of questioning in bad faith. Respondent argues that Petitioner's claim is procedurally barred because Petitioner did not fairly present this claim in state court.

A habeas corpus petitioner must have "fairly presented" his federal claim to the state courts. See Daye v. Attorney Gen., 696 F.2d 186, 191 (2d Cir. 1982) (en banc). To satisfy this requirement, the petitioner must demonstrate that he has informed the state courts of both the factual and the legal premises of the claim he now asserts in federal court. See id. No elaborate articulation of the claim is required; citation to the constitution or to state or federal cases that employ a constitutional analysis, couching the claim in terms "so particular as to call to mind a specific right protected by the Constitution," or alleging facts that are "within the mainstream of constitutional litigation," each suffice to alert the state court to the constitutional claim. Id. at 194; see Reid v. Senkowski, 961 F.2d 374, 376 (2d Cir. 1992) (per curiam). However, it is not enough to merely argue a "somewhat similar state law." Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 276, 74 L. Ed. 2d 3 (1982). "[T]he habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claim." Id. (internal quotations omitted).

14

Here, the Court agrees with Respondent that Petitioner did not fairly present his claims to the state court. Petitioner's appeal did not cite to any specific constitutional provision or cases discussing constitutional claims in like circumstances. His brief on appeal merely stated that the prosecutor's cross-examination of Medina was prejudicial and resulted in an "unfair trial." This argument is insufficient to alert the state court that Petitioner claimed a due process violation, rather than merely arguing a state evidentiary rule. See <u>Ayala v. Scully</u>, 640 F. Supp. 179, 182 (S.D.N.Y. 1986) ("Where, as here, . . . petitioner simply framed the issue in terms of a state law evidentiary violation by arguing that the slight probative value of the evidence admitted was outweighed by the prejudice to the accused, the state court is not properly alerted to any federal constitutional claim.") (internal citations and quotations omitted); <u>Bascombe v. Lefevre</u>, No. 85-CV-3996, 1986 U.S. Dist. LEXIS 26174, at *6-7 (S.D.N.Y. Apr. 29, 1986) (petitioner's claim that the admission of certain evidence over counsel's objection was prejudicial and denied him a fair trial was insufficient to "reasonably put the state courts on notice that they were to decide federal constitutional claims.").

Even if Petitioner's claim regarding the prosecutor's allegedly improper cross-examination were reviewable, the Court nonetheless would find the claim to be without merit. The Court

15

finds that the trial court did not err in allowing the prosecutor to cross-examine Medina about the removal of her children. It is well-established under New York law that "the nature and extent of cross-examination are matters within the court's sound discretion." People v. Ayala, 280 A.D.2d 552 (N.Y. App. Div. 2d Dep't 2001). Moreover, "[s]ubject to certain limitations, any witness is subject to probing cross-examination that is designed to test the witness's credibility." Thomas v. Scully, 854 F. Supp. 944, 960 (E.D.N.Y. 1994). Here, the prosecutor attempted to undermine Medina's credibility by questioning her about the removal of her children. The trial court properly permitted this line of questioning as within the boundaries of acceptable cross-examination. Thus, the Court finds that the trial court's decision was not contrary to clearly established federal law.

Finally, to the extent that Petitioner argues that the prosecutor's cross examination was conducted in bad faith, the Court finds that even if that were the case, Plaintiff fails to establish that he suffered substantial prejudice as a result of the prosecutor's comments. At the outset, the prosecutor did not cross-examine Petitioner about the alleged child abuse, nor did he raise the subject of the children's removal from Medina's custody at anytime during his cross-examination of Petitioner. Further, the defense counsel urged the jury not to consider the children in deliberating the case. Specifically, the defense counsel stated,

"[b]ut whatever happened with [Medina] and her kids, don't let that, again, taint Mr. Rodriguez." (Tr. 1113.) Therefore, to speculate that the jury would hold any abuse of the children against Petitioner is unwarranted. Finally, as stated above, there was ample evidence for the jury to reach its verdict; thus, Petitioner has not established that he suffered prejudice as a result of the allegedly improper cross-examination. Accordingly, the Court finds that Petitioner is not entitled to a writ of habeas corpus on this claim.

IV. A Certificate of Appealability is Denied

The Court will not issue a certificate of appealability in this case. Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C § 2253. The issues involved in this case are not debatable among reasonable jurors, a court could not resolve the issues in a different manner, and the questions involved do not deserve encouragement to proceed further. See Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's writ of habeas corpus in its entirety. The Court will not issue a certificate of appealability. The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
November  24 , 2008